J. B. Payne et al. v. Tena Jones et al.

**Land — Bond for Title — Sufficiency of Description.**

A bond for title to land containing the following description: "A certain lot of land in said county described as follows, to wit: Lot No. 1 on the east side and fronting the public road from Randall's store to Scranton, on which the said Freeman Jones has recently erected a dwelling house in which he now resides," is not void for uncertainty of description.

**Demurrer — Appeal from Decree Overruling Same.**

On an appeal from an order overruling a demurrer, the only question involved is the rightfulness of the ruling on the demurrer, and the question of the rightfulness of the action of the court on a motion for security for costs cannot be considered.

Appellees, widow and children of Freeman Jones, deceased, filed the bill in this case against Harriet Gurlie and the other appellees in the Chancery Court of Jackson county, in which they allege that Harriet Gurlie, in January, 1878, gave Freeman Jones a bond for title to the following described land in Jackson county: "A certain lot of land in said county described as follows, to wit: Lot No. 1 on the east side and fronting the public road from Randall's store to Scranton, on which said Freeman Jones has recently erected a dwelling house, in which he now resides." That the deed was to be made when the balance of the purchase money was paid, the price being $200, there being a balance of $40 unpaid; that Jones was arrested in 1878 on a charge of grand larceny and was required to give a bond for his appearance at the next term of the Circuit Court of Jackson county, and in order to obtain bond he assigned the bond for title to one Cudeback on condition that it be re-assigned to him should Cudeback not suffer loss on account of going on the bond; that the bond for title and assignment was recorded; that Cudeback afterwards surrendered Jones to the authorities and re-assigned the bond for title to him, and in order to obtain bond Jones then assigned the bond for title to one Fransberry on the same conditions, the transfer being only a mortgage on the land for any loss Fransberry might sustain on account of his going on the bond; that Jones, with appellees, his wife and children, occupied the

premises until May, 1879, as their homestead; that Freeman Jones, in May, 1879, forfeited his bond, and judgment *nisi* was rendered against him and Fransberry for $200; that said Jones was evading the law until January, 1880, when he died, and his widow and a minor child remained in possession of the land and are still in possession; that at the May term, 1880, of the Circuit Court of Jackson county, upon the motion of the district attorney, the case of the State *v.* Jones was ordered filed and that process cease; that only one *scire facias* had been issued, and it had been returned by the sheriff before the death of Jones and the filing of this complaint; that Payne, one of the defendants, applied to an attorney for information as to the validity of the bond for title and was informed of the transfer, yet he bought it from Fransberry, and then, upon representing to Harriet Gurlie that he owned the bond for title, induced her to make a deed to the land, he paying the balance of the purchase money; that Payne conveyed the land to one Blum in May, 1880.

The prayer is for the cancellation of the deed from Gurlie to Payne and the deed from Payne to Blum, and asks the court to compel Gurlie to make a deed to complainants as heirs of Freeman Jones.

Gurlie answered, and the other defendants demurred, assigning as grounds of demurrer that there was no equity in the bill; the bond is void for two reasons—first, there is no description of the land; second, no time is fixed for the payment of the balance of the purchase money. There is no number of acres given or numbers of feet contained in said land; it is not shown what section, township, or range the land is in.

The demurrer was overruled. Defendants made a motion to require complainants to give security for costs. The court overruled this motion. Defendants appeal from the decree overruling their demurrer.

APPEALED from Chancery Court, Jackson county, GEORGE WOOD, Chancellor.

Affirmed and remanded, with sixty days to answer, February 28, 1881.

*Attorney for appellants, R. Seal.*

*Attorney for appellees, C. H. Wood.*

Brief of R. Seal:

The first error to which the attention of the court is called is upon the decision of the court refusing to put plaintiffs under the sixty days' rule to give security for costs, upon the affidavit of defendants and motion made for that purpose. Under article 5, section 571 provides that the clerk of any court of record may refuse to file any bill, etc., or issue any original process, where plaintiff is a non-resident of the State or insolvent, unless security be given for the payment of all costs, and unless the affidavit of plaintiff, if a citizen, is filed that he believes there is a just cause of action.

It is certainly too late to file such an affidavit after defendant has filed the proper affidavit and made the necessary motion. The statute means that the pauper affidavit, as it is called, should be made before the bill was filed, and not afterwards. These affidavits frequently encourage vexatious litigation.

The second error complained of is the overruling of the defendant's demurrer to complainant's bill in the court below.

The description of the land is too vague and uncertain. It is described as lot No. 1, on the east side and fronting the public road leading from Randall's store to Scranton, "on which the said Freeman Jones has recently erected a dwelling house, in which he now resides."

What is there in this instrument that points to the locality of this land or to distinguish it from every piece of land between Randall's store and Scranton, a distance of five miles or more? Neither a section, township, nor range is given, nor is it described as a lot in a town or city, nor referred to any survey by which it could be found. No number of acres are given, nor feet, yards, or chains. There is no starting point. Can any sensible decree be made upon the prayer in said bill? The court would be at a loss to define the land upon which a specific performance is prayed. That is, how much is in lot No. 1? A certain house is described, but not the land upon which it was erected. This proposition is too plain to refer to authorities.

Brief of C. H. Wood:

By the demurrer the appellants admit the allegations of the bill, and I submit that if the bill be true there is equity in it.

The description is sufficient to allow parol evidence to be introduced to show where lot No. 1 upon which Jones resided at the time of the giving the bond for title. Fisher *v.* Kuhn, 54 Miss. 481.

It is not necessary to name the section, township, or range. It was sufficiently designated as lot No. 1, "upon which Jones now resides." *Ib.*

It is not necessary to give the number of acres or feet. "The house and lot on which A now lives" is sufficient. 14 N. Y. 589, quoted in Holmes *v.* Evans, 8 Miss. 252. See also Selden *v.* Coffee, 55 Miss. 41. 　＊　＊　＊

The only grounds insisted upon by counsel in the court below were want of equity and a sufficient description, which will be the ones relied on in this court.

Our court say, "That an instrument purporting to convey land, thought inoperative as a deed, is yet valid in equity as an agreement, and the vendor will be compelled to execute a valid deed." Nixon Heirs *v.* Carco Heirs, 6 Cush. 414.

We submit that the decree overruling the demurrer by the court below was right and that the same should be affirmed. The notice of the appeal was served on appellees in January, 1881, and the appeal is taken after the Code of 1880 has come into effect, and if the court affirms the decree of the lower court, then $50 attorney's fee should be taxed in the bill of costs. Code 1880, § 1424.

Opinion.—*Per curiam:*

The demurrer was properly overruled. None of the grounds assigned were well taken. The premises were sufficiently described.

The question of the rightfulness of the action of the court on the motion for security for costs cannot be considered on an appeal from an order overruling a demurrer. Upon such an appeal the rightfulness of the ruling on the demurrer is alone involved. The $50 tax fee provided by the new Code, where the action of the lower court in overruling a demurrer is affirmed on appeal, cannot be allowed in this case, as the appeal was prosecuted before the new Code went into effect.